IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-205 |
| MARYLAND STATE POLICE DEPARTMENT, et al., | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Azaniah Blankumsee has requested to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (ECF No. 3). Because Blankumsee appears indigent, his request to proceed without prepayment of the filing fee is granted. However, for the reasons stated below, the Complaint must be dismissed without prejudice.

Blankumsee brings this suit pursuant to 42 U.S.C. § 1983 claiming that Defendants Maryland State Police Department and the Office of the State's Attorney for Washington County violated his constitutional rights to a fair trial and equal protection under the law. (Compl. at 1, ECF No. 1). He alleges that in 1991, Maryland State Police employed Joseph Kopera in their forensic sciences division and in 2004, Kopera was called as an expert witness in Blankumsee's criminal trial and assisted in convicting him of over 40 charges. (Id. at 2). However, in 2019, it was discovered and published in a news article that Kopera did not hold the degrees he supposedly earned and had forged lab reports. (Id. at 3). Blankumsee states that he was therefore denied a fair trial and the Washington County State's Attorney was responsible for calling him as a witness in his trial and should have

been aware of Kopera's misconduct. (Id.). Blankumsee seeks declaratory relief and $125,000 in damages. (Id. at 4).

As noted, Blankumsee filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. Id. at 94 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722-723 (4th Cir. 1989).

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Here, Blankumsee seeks to challenge the evidence presented at trial in support of the prosecution's case. As a result of the contested trial, Blankumsee states that he was sentenced to life imprisonment plus 15 years and is currently incarcerated at Jessup Correctional Institution. (Compl. at 3). As he presents no facts which would show that his conviction has been overturned, his claims, which challenge the legality of his conviction, are barred by <u>Heck</u>.

For the foregoing reasons, by a separate Order which follows, Blankumsee's Complaint will be dismissed without prejudice.

Entered this 2nd day of April, 2024.

                                                                                  /s/
                                                        George L. Russell, III
                                                        United States District Judge